UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUAN TEJADA POLANCO,<br>　　Petitioner,<br><br>　　v.<br><br>PATRICIA HYDE; MICHAEL NESSINGER; TODD LYONS; and KRISTI NOEM,<br>　　Respondents. | C.A. No. 25-cv-552-JJM-AEM |
| FREDDY QUIZHPI SIBRI,<br>　　Petitioner,<br><br>　　v.<br><br>PATRICIA HYDE; MICHAEL NESSINGER; TODD LYONS; and KRISTI NOEM,<br>　　Respondents. | C.A. No. 25-cv-561-JJM-AEM |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

Before the Court are two petitions for writs of habeas corpus filed by Juan Tejada Polanco and Freddy Quizhpi Sibri (collectively, "the Petitioners") under 28 U.S.C. § 2241.  No. 25-cv-552-JJM-AEM, ECF No. 1 ("Polanco Pet."); No. 25-cv-561-JJM-AEM, ECF No. 1 ("Sibri Pet.").  Because the arguments from the Petitioners and

the Government are essentially the same, the Court will review these petitions collectively.

The Petitioners request that this Court release them from the custody of Immigration and Customs Enforcement ("ICE") or, in the alternative, order that the Government provide them with bond hearings before an Immigration Judge ("IJ"). Polanco Pet.; Sibri Pet. The Government argues that these petitions should be denied because the Petitioners are statutorily ineligible for bond and because they have failed to exhaust their administrative remedies. ECF No. 5.[1]  For the reasons stated, the Court GRANTS Mr. Polanco and Mr. Sibri's petitions.

I. FACTUAL BACKGROUND

A. Mr. Polanco

Mr. Polanco is a citizen of the Dominican Republic who has resided in the United States since 2005. Polanco Pet. at 3. He entered the United States without inspection and has had no previous contact with immigration authorities. *Id.* On or about September 11, 2025, ICE arrested and detained Mr. Polanco in Massachusetts. *Id.*; ECF No. 5 at 3. He is now being held at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. Polanco Pet. at 3. ICE charged Mr. Polanco with having entered the United States without admission or inspection under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and 8 U.S.C. § 1182(a)(6)(A)(i), and DHS has placed him in

---

[1] Both Government's memoranda can be found at ECF No. 5 within the respective dockets of each petitioner. *See* No. 25-cv-552-JJM-AEM; No. 25-cv-561-JJM-AEM. Save for a few exceptions, the memoranda are virtually identical. For simplicity, the Court will refer to the Government's memoranda as "ECF No. 5."

removal proceedings before the Chelmsford Immigration Court. *Id.*; ECF No. 5 at 3. Mr. Polanco filed the present petition on October 23, 2025, seeking release from ICE custody or, in the alternative, a bond hearing. Polanco Pet. at 10. The Government objects and claims that his request should be denied. ECF No. 5.

### B.   Mr. Sibri

Mr. Sibri is a citizen of Ecuador who has resided in the United States since 2019. Sibri Pet. at 3. He entered the United States without inspection and has had no previous contact with immigration authorities. *Id.* On or about September 11, 2025, as Mr. Sibri was on his way to work, ICE arrested and detained Mr. Sibri in Massachusetts. *Id.*; ECF No. 5 at 3. He is now being held at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. Sibri Pet. at 3. ICE charged Mr. Sibri with having entered the United States without admission or inspection under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and 8 U.S.C. § 1182(a)(6)(A)(i), and DHS has placed him in removal proceedings before the Chelmsford Immigration Court. *Id.*; ECF No. 5 at 3. Mr. Sibri filed the present petition on October 23, 2025, seeking release from ICE custody or, in the alternative, a bond hearing. Sibri Pet. at 10. The Government objects and claims that his request should be denied. ECF No. 5.

## II.  DISCUSSION

In essence, this case concerns the proper provision of the Immigration and Nationality Act ("INA") under which the Petitioners are being held. The Petitioners contend that they are being held under 8 U.S.C. § 1226(a), the discretionary detention statute that entitles noncitizens to a bond hearing before an IJ. Polanco Pet. at 5;

Sibri Pet. at 5. The Government counters that the Petitioners are being held under 8 U.S.C. § 1225(b)(2), which subjects noncitizens to mandatory detention and does not provide them with the right to a bond hearing. ECF No. 5 at 2. The former applies to noncitizens "already in the country pending the outcome of removal proceedings," *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018), whereas the latter applies to "applicants for admission" who are generally encountered "at the Nation's borders and ports of entry," *id.* at 287.[2]

The Government acknowledges that this Court, along with several others, have in recent weeks issued rulings finding that Section 1226(a) applies to individuals in the Petitioners' position—not Section 1225(b)(2). ECF No. 5 at 2, 5 (citing *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437 (D.R.I. Oct. 27, 2025); *Rodriguez v. Nessinger*, No. 25-cv-505-MSM-AEM, 2025 U.S. Dist. LEXIS 204998 (D.R.I. Oct. 17, 2025); *Doe v. Moniz*, No. 1:25-cv-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); *Elias Escobar v. Hyde*, No. 1:25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025)). The Government states that, "in the interest of judicial economy, and to expedite the Court's consideration of this matter," it will rely on the same arguments presented in those prior cases. *Id.* at 2-3. It further concedes that,

---

[2] The Government argues that *Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025), found otherwise. ECF No. 5 at 5. However, this Board of Immigration Appeals decision "is not binding and this court 'must exercise independent judgment in determining the meaning of statutory provisions.'" *Elias Escobar*, 2025 WL 2823324, at *3 (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024)).

"[s]hould the Court apply the same reasoning the [*Doe* and *Escobar*] courts did ... to this one, the legal principles espoused in those cases would likely warrant the same conclusion here." *Id.* at 5.

The Court finds the reasoning in *Doe*, *Escobar*, and similar cases do warrant the same conclusion here: because the Petitioners are "already in the country pending the outcome of removal proceedings," they are being detained under Section 1226(a)—not Section 1225(b)(2). In addition, like this Court explained in *Tomas Elias*, exhaustion is not required here because: (1) the Petitioners face severe irreparable harm if their detention continues without clear reason; and (2) the Immigration Court and the BIA are unable to adjudicate the constitutionality of their detention. 2025 WL 3004437, at *3. As such, the Court finds that the Petitioners are constitutionally entitled to a bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Because the Government has not put forth any evidence to suggest that the Petitioners pose a flight risk or are a danger to the community, the Court finds that their immediate release is appropriate. *Tomas Elias*, 2025 WL 3004437, at *5. In the interest of judicial economy and to expedite this matter, the Court need say no more.

### III. CONCLUSION

Accordingly, the Court GRANTS the Petitioners' respective habeas petitions. Polanco Pet.; Sibri Pet. The Government is ORDERED to provide Juan Tejada Polanco and Freddy Quizhpi Sibri with bond hearings before an IJ under 8 U.S.C. § 1226(a) within ten days of the date of this order. The Court further ORDERS the

Government to release Juan Tejada Polanco and Freddy Quizhpi Sibri immediately pending the bond hearing. The Government shall set minimal release conditions that will reasonably assure their appearances at their respective bond hearings. Finally, the Court ORDERS the Government to file status reports within five days of the Petitioners' bond hearings, stating whether they have been granted bond and, if their requests for bond were denied, the reasons for those denials.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

October 30, 2025